UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE CO. | * | CIVIL ACTION NO.  12-0681 |
| VERSUS | * | JUDGE JAMES T. TRIMBLE |
| BETTYE A. MCKINNEY and CLESI MCKINNEY NEITZ | * | MAG. JUDGE KAREN L. HAYES |
| | | (consolidated with) |
| PROTECTIVE LIFE INSURANCE CO. | * | CIVIL ACTION NO.  12-1220 |
| VERSUS | * | |
| BETTYE A. MCKINNEY and CLESI MCKINNEY NEITZ | * | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by cross-claim defendant Bettye Anne McKinney. Doc. # 14. The motion is opposed. Doc. # 33. For reasons stated below, it is recommended that McKinney's motion to dismiss be **GRANTED**.

## PROCEDURAL AND FACTUAL BACKGROUND

On March 15, 2012, Transamerica Life Insurance Company ("Transamerica") filed a Complaint for Interpleader under Federal Rule of Civil Procedure 22 against defendants Bettye Anne McKinney ("McKinney") and Clesi McKinney Neitz ("Neitz"). Doc. # 1. The complaint

averred that Transamerica anticipated the filing of a suit or suits by McKinney and Neitz to collect on a life insurance policy issued to decedent Billy Joe McKinney.  *Id.*  The complaint noted a dispute between Bettye McKinney and Neitz as to the proceeds of the policy, sought leave to deposit into the registry of the court the sum of $100,000, and asked that McKinney and Neitz be cited to appear and assert their claims to the proceeds.  *Id.*

On April 17, 2012, Neitz, acting *pro se*, filed an answer to the complaint, a counterclaim against Transamerica, and a cross-claim against McKinney.[1]  Doc. # 10.  The cross-claim, which is the subject of the instant motion to dismiss, contends that Neitz is the sole beneficiary under the life insurance policy issued to her father, Billy Joe McKinney.  *See* Doc. # 10-1.  It further alleges that prior to his death on January 5, 2012, Billy Joe had become estranged from his wife Bettye.[2]  *Id.* p. 4.  Because of this, Billy Joe, who resided at the Northeast Louisiana War Veterans Home, expressed his desire to make a change in the beneficiary to any and all life insurance policies held by him.  *Id.*  On December 13, 2011, Billy Joe executed a Declaration and Affidavit stating his intent to make his daughter Clesi McKinney Neitz the sole beneficiary to "any and all proceeds under any life insurance policy in effect at the time of [his] death."  *Id.* p. 6. The cross-claim also alleges that on December 25, 2011, Bettye, her son Joey, and Joey's ex-wife, who indicated she was a paralegal, went to the hospital and unsuccessfully attempted to coerce Billy Joe into reversing his decision and reinstating them as beneficiaries.  *Id. p. 5.*  As for Bettye's liability to Neitz, the cross-claim argues that "[a]s a result of the continued efforts of Bettye to deny or delay the payment of the death benefit under the policy to Clesi McKinney

---

[1] Neitz has since retained the services of an attorney.  *See* Order Granting Motion to Enroll as Counsel, Doc. # 24.

[2] As evidence of this estrangement, Neitz has attached a copy of a Nurse's Log entry showing that Adult Social Services was being consulted due to a "lack of family support."  *See* Doc. # 10-1, p. 1.

Neitz, Clesi McKinney Neitz has suffered and will continue to suffer damage for which she should be compensated." *Id.* p. 6.

On May 16, 2012, McKinney filed the instant motion to dismiss pursuant to Rule 12(b)(6).  Doc. # 14.  The motion asserts that the cross-claim fails to articulate any legal basis for a claim under Louisiana law.  Doc. # 14-1, p. 1.  Specifically, the motion argues that Neitz has not alleged any delictual fault on the part of Bettye Anne McKinney for which she may be liable to Neitz for unspecified damages or compensation.  *Id.* pp. 1-2.

On June 18, 2012, Neitz filed an opposition to the motion to dismiss, as well as a First Supplemental and Amended Cross-Claim one day later.  Docs. # 33, 35.  The amended cross-claim sets out more specific facts regarding the offenses allegedly perpetrated by Bettye McKinney against Neitz.  Neitz claims that Transamerica has heretofore refused to pay her the death benefits under the life insurance policy due to a pattern of fraudulent misconduct by McKinney.   Doc. # 35, ¶ 7.  She alleges that Transamerica denied payment because it was presented with a false claim submitted by McKinney, when McKinney knew she was no longer the beneficiary of the policy.  *Id.* ¶ 8.  According to Neitz, McKinney "made material misrepresentations to Transamerica and others regarding her entitlement to benefits, as well as derogatory statements regarding Neitz." *Id.* ¶ 10.  In particular, she claims McKinney: 1) fraudulently misrepresented to police authorities and bank representatives that Neitz was criminally liable for theft, preventing her from being able to pay for her father's funeral services, and 2) fraudulently misrepresented to police authorities that Neitz was not the biological daughter of Mr. McKinney.  *Id.* ¶¶ 11-13.  Neitz contends that these statements somehow led to Transamerica denying payment of benefits, as well as causing her "embarrassment, mental anguish, and undue stress." *Id.* ¶¶ 11, 14.  Thus, Neitz concludes, McKinney is liable under La. Civ. Code Art. 1953 and applicable jurisprudence for all damages caused by her "pattern of

delictual fraud[.]" *Id.* ¶ 16.

Neitz's opposition to the motion to dismiss, filed in conjunction with the amended cross-claim, alleges that the cross-claim states delictual causes of action under Louisiana law.  Doc. # 33.  Citing Louisiana Civil Code Articles 2315 and 2316, she contends that a delictual action may arise before a plaintiff sustains all or even the greater part of the damage occasioned by the delict.  *Id.* p. 2.

The matter is now before the court.

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)).  In evaluating a motion to dismiss, "the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted).  The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim.  *Twombly, supra*.

Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.'  This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

4

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted), *cert. denied*, *Southern Scrap Material Co., L.L.C. v. United States*, 129 S. Ct. 1669 (2009).

Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 F. App'x 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Furthermore, the complaint need not "correctly specify the legal theory" giving rise to the claim for relief. *Id.*

When fraud is alleged, Federal Rule of Civil Procedure 9(b) imposes a greater standard. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b). "What constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)). The difference from case to case stems from the fact that fraud may arise by statements, actions or omissions, and the allegations required with respect to each of those varieties of fraudulent conduct are different. But, no matter the circumstances, the essence of Rule 9(b) is a requirement that the "who, what, when, where and how" of the alleged fraud be laid out. *Benchmark Electronics, Inc.*, 343 F.3d at 724.

Finally, pleadings filed *pro se*, as the original cross-claim was here, are to be construed liberally. *Perez v. United States,* 312 F.3d 191, 194–95 (5th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers")).

## I.     Neitz's Allegations

5

As discussed above, cross-claim plaintiff Clesi McKinney Neitz has filed a First Supplemental and Amended Cross-Claim.  Doc. # 35.  "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*,  31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)).  Here, the amended cross-claim does adopt and incorporate the information and exhibits outlined in the original cross-claim.  *See id.* ¶ 1.  Therefore, the court will apply the arguments raised in Bettye McKinney's motion to both the original and amended cross-claims.

While the original cross-claim failed to cite any law, Neitz's amended cross-claim cites Louisiana Civil Code Article 1953, which concerns fraud as a vice of consent to a contract.  *See id.* ¶ 16.  However, the amended cross-claim also uses the term "delictual fraud."  *See id.*  The accompanying opposition to the motion to dismiss does not refer to either Article 1953 or "delictual fraud," but rather cites Louisiana's general negligence provisions, Articles 2315 and 2316.  *See* Doc. # 33, p. 2.  Thus, an ambiguity or conflict exists within Neitz's allegations; despite Neitz's citation of an article from the section of the Civil Code dealing with contracts, she has also referenced a claim founded in tort.  Nevertheless, the undersigned notes that Neitz's allegations resemble those typical in claims of intentional and negligent misrepresentation.[3]

### a)      Claims for Intentional and Negligent Misrepresentation

Under Louisiana law, the elements of a claim for delictual fraud or intentional misrepresentation include:  "(a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury."  *Guidry v. Tobacco Co., Inc.*,

---

[3] It should also be pointed out that there has been no allegation or indication that any contract existed between Neitz and McKinney.

188 F.3d 619, 627 (5th Cir. 1999) (citations omitted).  To establish a claim for intentional

misrepresentation by silence or inaction, plaintiff must further demonstrate that the defendant

owed a duty to disclose information.  *Kadlec Medical Center v. Lakeview Anesthesia*, 527 F.3d

412, 418 (5th Cir. 2008) (citation omitted), *cert. denied*, *Lakeview Anesthesia Associates v.*

*Kadlec Medical Center*, 129 S. Ct. 631 (2008).

> To set forth a claim for negligent misrepresentation under Louisiana law:
>
> (1) there must be a legal duty on the part of the defendant to supply correct
> information; (2) there must be a breach of that duty, which can occur by omission as
> well as by affirmative misrepresentation; and (3) the breach must have caused
> damages to the plaintiff based on the plaintiff's reasonable reliance on the
> misrepresentation.

*Id*. (citations omitted); *see also* La. Civ. Code Arts. 2315-16.

Allegations of fraud under Louisiana law asserted in federal court implicate the

heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  *See, e.g.*, *Unimobil*

*84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986); *Conerly Corp. v. Regions Bank*, No.

08-813, 2008 WL 4975080, *10 (E.D. La. Nov. 20, 2008).  However, "[m]alice, intent,

knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P.

9(b).  What constitutes sufficient particularity for Rule 9(b) varies with the facts of each case.

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992).  At a minimum, however, Rule

9(b) requires a plaintiff pleading fraud to "to specify the statements contended to be fraudulent,

identify the speaker, state when and where the statements were made, and explain why the

statements were fraudulent."  *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d

552, 564-565 (5th Cir. 2002) (quoted sources and internal quotation marks omitted).

In the instant case, Neitz alleges that McKinney made certain false statements and

material misrepresentations to hospital officials, police authorities, and bank representatives, and

that these actions by McKinney have resulted in financial and emotional harm to Neitz.  *See* Doc. # 10, pp. 5-6, Doc. # 35, pp. 3-4.  Neitz's allegations, however, suffer from some obvious infirmities.  First, Neitz has failed to allege "where the statements were made, [or] explain why the statements were fraudulent"; therefore, these allegations do not satisfy Rule 9(b) pleading requirements.  *See Herrmann*, *supra*.  Neitz has also not alleged that McKinney owed any duty to her which could have been breached, as required to state a claim of negligent misrepresentation under Louisiana law.  *See Kadlec*, *supra*.  Finally, Neitz has failed to allege that McKinney made any statements or misrepresentations to Transamerica.  Thus, for purposes of a claim for either negligent or intentional misrepresentation, she has not satisfied the causation requirements of a claim for damages caused by Transamerica's failure to pay death benefits on her father's life insurance policy.  *See id.*

In sum, as Neitz's claim is currently alleged, it clearly fails to state a claim for either negligent or intentional misrepresentation under the pleading standards established by Rules 8 and 9 and *Twombly*.  Nevertheless, Neitz may still be able to allege a claim if she remedies the defects in her complaint.  Thus, the undersigned recommends that Neitz be allowed until the deadline to file objections to this report and recommendation, or such other reasonable time as the court may set, to amend her complaint to allege a viable claim for relief.

## CONCLUSION

Based on the foregoing discussion,

**IT IS RECOMMENDED** that cross-claim defendant Bettye Anne McKinney's motion to dismiss under Rule 12(b)(6) [doc. # 14] be **GRANTED**, and that cross-claim plaintiff's claims be **DISMISSED with prejudice**, unless she amends her complaint to allege a viable claim for relief within the deadline to file objections to this report and recommendation, or within such other reasonable time as the court may set.

8

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of August, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

9