UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **TRANSAMERICA LIFE INSURANCE CO.** | * | **CIVIL ACTION NO.  12-0681** |
| **VERSUS** | * | **JUDGE JAMES T. TRIMBLE, JR.** |
| **BETTYE A. MCKINNEY and CLESI MCKINNEY NEITZ** | * | **MAG. JUDGE KAREN L. HAYES** |
| | | (consolidated with) |
| **PROTECTIVE LIFE INSURANCE CO.** | * | **CIVIL ACTION NO.  12-1220** |
| **VERSUS** | * | |
| **BETTYE A. MCKINNEY and CLESI MCKINNEY NEITZ** | * | |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant-in-counterclaim Transamerica Life Insurance Company.  [doc. # 21].  The motion is **unopposed**.  For reasons stated below, it is recommended that the motion to dismiss be **GRANTED**.

**Procedural and Factual Background**

On March 15, 2012, Transamerica Life Insurance Company ("Transamerica") filed a Complaint for Interpleader under Federal Rule of Civil Procedure 22 against defendants Bettye Anne McKinney ("McKinney") and Clesi McKinney Neitz ("Neitz").  (Compl. [doc. # 1]).  The

complaint averred that Transamerica anticipated the filing of a suit or suits by McKinney and Neitz to collect on a life insurance policy issued to decedent Billy Joe McKinney. *Id.* The complaint noted a dispute between Bettye McKinney and Neitz as to the proceeds of the policy, sought leave of court to deposit the sum of $100,000 into the court's registry, and asked that McKinney and Neitz be cited to appear and assert their claims to the proceeds. *Id.*

On April 17, 2012, Neitz, acting *pro se*, filed an answer to the complaint, a counterclaim against Transamerica, and a cross-claim against McKinney. (Answer, Defenses, Counter-claim, etc. [doc. # 10]).[1] The counterclaim, which is the subject of the instant motion to dismiss, contends that Neitz is the sole beneficiary under the life insurance policy issued to her father, Billy Joe McKinney. *Id.* It further alleges that prior to his death on January 5, 2012, Billy Joe had become estranged from his wife Bettye. *Id.*, at pg. 4.[2] Because of this, Billy Joe, who resided at the Northeast Louisiana War Veterans Home, expressed his desire to make a change in beneficiary to any and all life insurance policies held by him. *Id.* On December 13, 2011, Billy Joe executed a Declaration and Affidavit stating his intent to make his daughter Clesi McKinney Neitz the sole beneficiary to "any and all proceeds under any life insurance policy in effect at the time of [his] death." *Id.* p. 5.[3]

---

[1] Neitz has since retained counsel. *See* June 4, 2012, Order [doc. # 24].

[2] In support of this allegation, Neitz attached a copy of a Nurse's Log entry showing that Adult Social Services was being consulted due to a "lack of family support." *See* Doc. # 10-1, p. 1.

[3] The court notes that the decedent took out another $100,000 life insurance policy with Aetna Life Insurance and Annuity Company (administered by Protective Life Insurance Company ("Protective")). On May 11, 2012, Protective filed its own interpleader action with this court against Bettye McKinney and Clesi McKinney Neitz. *See Protective Life Insurance Co. v. McKinney, et al.*, Civil Action No. 12-1220 (W.D. La.). On June 6, 2012, the court consolidated these two related actions, via unopposed motion. *See* June 12, 2012, Order [doc. # 30].

On January 9, 2012, Neitz filed a claim for benefits with Transamerica. *See* Answer, Defenses, Counter-claim, etc. [doc. # 10]. She alleged that, "[u]pon information and belief," no other claimant had sought the benefit under the Transamerica policy. *Id*. As a result, Neitz concluded that Transamerica's failure to pay the benefit was arbitrary and capricious. *Id*. She further alleged that Transamerica acted in bad faith by failing to pay the full policy benefit, and by threatening to deduct all costs, fees, and expenses related to the instant interpleader action. *Id*.

On May 24, 2012, Transamerica filed the instant motion to dismiss Neitz's counterclaim pursuant to Rule 12(b)(6). Transamerica contends that dismissal is warranted because 1) Neitz's counterclaim fails to allege a legal basis for liability; and 2) the nature of an interpleader action shields Transamerica, as a disinterested stakeholder, from liability. The briefing deadline for Transamerica's motion has lapsed, with no response from the counter-claimant. Accordingly, the motion is deemed unopposed. The matter is now before the court.

## Law and Analysis

### I. 12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Rule 8(a) also applies to counterclaims. *See Lee v. Morial*, 37 Fed. Appx. 88, *4 n10 (5th Cir. Apr. 26, 2002) (unpubl.)

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the

court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record).

4

## II.     Discussion

As stated earlier, TransAmerica contends that by filing the instant action and depositing the disputed funds into the registry of the court, it has managed to immunize itself from further liability to the claimants. This so-called interpleader shield, however, is not as broad and all-encompassing as Transamerica would have it. For instance, in *New York Life Ins. Co. v. Deshotel*, the Fifth Circuit recognized that "[o]nce the stakeholder joins the claimants, a claimant may file a counterclaim against the stakeholder as an opposing party." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 881 (5th Cir. 1998). In fact, the Fifth Circuit emphasized that if the claimant enjoys a potential negligence claim against the insurance company/stakeholder for failure to process or record a change of beneficiary request submitted by the policyholder, then she must assert that cause of action as a counterclaim, or else lose it. *See Deshotel, supra*.

Here, however, Neitz does not argue that she intended to assert a claim against Transamerica for its alleged failure to record Billy Joe's change of beneficiary request. Rather, the counterclaim is premised upon the mistaken "belief" that no other claimant had sought benefits under the Transamerica policy. In a more recent submission to the court, however, Neitz has since acknowledged that Transamerica *did* receive a claim for benefits from the decedent's wife, Betty Ann McKinney. *See* 1st Suppl. & Amend. Cross Claim, ¶ 8. Furthermore, Neitz now attributes Transamerica's refusal to pay her the policy benefits to Bettye Ann McKinney's supposed fraudulent and willful misrepresentations. *Id.*, ¶ 14.

In short, Neitz's subsequent pleading materially undermines the "information and belief" allegation that formed the sole basis for her counterclaim against Transamerica. As a result, the court necessarily finds that Neitz's counterclaim fails to state a cognizable or plausible claim for relief. Fed.R.Civ.P. 8(a). Dismissal is required. *See Neitzke, supra*; Fed.R.Civ.P. 12(b)(6).

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 21] filed by defendant-in-counterclaim Transamerica Life Insurance Company be **GRANTED**, and that the counterclaim filed by Clesi McKinney Neitz be **DISMISSED, with prejudice**. Fed.R.Civ.P. 12(b)(6).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 5th day of September 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE