RECEIVED
DEC - 5 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INS. CO. | : | DOCKET NO. 3:12-681 |
| VS. | : | JUDGE TRIMBLE |
| BETTY ANN MCKINNEY, ET AL | : | MAGISTRATE JUDGE HAYES |

CONSOLIDATED WITH

| | | |
|---|---|---|
| PROTECTIVE LIFE INS. CO. | : | DOCKET NO. 3:12-1220 |
| VS. | : | JUDGE TRIMBLE |
| BETTYE A. MCKINNEY, et al | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is a "Rule 12(B)(6) Motion to Dismiss Neitz's Second Amended Cross Claim" (R. #61) wherein defendant, Bettye Ann McKinney, moves the court to dismiss with prejudice, the Second Supplemental and Amended Cross Claim filed against her by Clesis McKinney Neitz. The second amended complaint attempts to assert additional claims for tortious interference with contract, defamation and delictual fraud. McKinney maintains that Neitz's claims fail to establish a claim for which relief can be granted.

### PROCEDURAL HISTORY

The instant lawsuit was filed by Transamerica Life Insurance Company ("Transamerica"); the case has been consolidated with the above captioned suit entitled Protective Life Ins. Co. v.

Bettye A. McKinney, et al. The suit is a dispute between Bettye McKinney and Clesis Neitz over the life insurance proceeds of Billy Joe McKinney. Neitz filed an answer and cross-claim against McKinney.[1] The cross-claim asserted that Neitz is the sole beneficiary of the insurance proceeds. McKinney filed a motion to dismiss the cross-claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Neitz responded to the motion with an opposition and First Supplemental and Amended Cross-Claim which set out more specific facts regarding offenses allegedly perpetrated by McKinney against Neitz.[2]

In her report and recommendation,[3] Magistrate Judge Hayes recognized that Neitz' complaints, as amended, clearly failed to state a claim for either negligent or intentional misrepresentation under the pleading standards established by Federal Rule of Civil Procedure 8 and 9. Judge Hayes recommended that Neitz be allowed until the deadline to file objections to the report and recommendation to amend her complaint and allege a viable claim for relief. Neitz filed her Second Supplemental and Amended Cross-Claim in an attempt to cure the deficiencies of the complaint. Shortly thereafter, McKinney once again filed a motion to dismiss pursuant to Rule 12(b)(6)[4] which is the motion that is herein being considered. Neitz has made no objection to this motion.

## FACTUAL ALLEGATIONS

Billy Joe McKinney passed away on January 5, 2012. Mr. McKinney had life insurance

---

[1] R. #10.

[2] R. # 32 and 33.

[3] R. #51.

[4] R. #61.

policies issued by Protective Life Insurance ("Protective") and Transamerica Life Insurance Company ("Transamerica"). His daughter, Clesis McKinney Neitz, alleges that she is the sole beneficiary of her father's life insurance policies. Neitz submitted a claim form for the proceeds of the life insurance on January 9, 2012.[5] To date, Protective and Transamerica have not paid the death benefits under the policy.

Mr. McKinney's wife, Bettye McKinney, alleges that for nearly thirty years she was the sole named beneficiary to her late husband's insurance policy[6] and that prior to his death, Neitz unduly influenced her husband into executing powers of attorney and a change of beneficiary making Neitz the sole beneficiary of his life insurance policies. McKinney further alleges that Neitz made material misrepresentations of fact to her late husband, social workers, and healthcare providers of Mr. McKinney. McKinney alleges that those misrepresentations caused her to be banned from visitation with her husband.[7]

*Neitz' first amending complaint*

In her first amended complaint, Neitz alleges that prior to his death, Mr. McKinney expressed a clear desire to change the beneficiary for all of his life insurance policies and that he had become estranged from his wife, McKinney.[8] Neitz further alleges that Mr. McKinney specifically requested that his wife be removed from his emergency contact list and that Neitz be substituted. Mr.

---

[5] Answer, Defenses, Counter-Claim and Cross-Claim of Defendant, Clesis McKinney Neitz, R. #10, p. 5, ¶ 6.

[6] Cross-Claim against Neitz, R. #13, ¶¶ 2 and 3.

[7] Id.

[8] First amending complaint, ¶ 4, R. #35.

3

McKinney also made Neitz his agent for all financial and medical decisions.[9] Neitz alleges that prior to him making these decisions, it was determined that Mr. McKinney was mentally competent and that social services authorized the changes.[10]

Neitz alleges that McKinney has participated in a pattern of fraudulent misconduct which has caused Protective to fail to pay the proceeds of the life insurance policy. Neitz alleges that McKinney filed a false claim to Transamerica claiming that she was entitled to benefits and that McKinney, her son and another women representing herself as a paralegal, attempted to obtain a death-bed change of beneficiary in order to coerce Mr. McKinney to reverse his decision to make his daughter his sole beneficiary.[11]

Neitz complains that McKinney made material misrepresentations (such as that Neitz was not the biological daughter of Mr. McKinney) and derogatory statements to Transamerica and others regarding Neitz including fraudulent misrepresentations to police authorities and bank representatives.[12]

*Neitz' second amending complaint*

In addition to adopting and incorporating the allegations in her prior complaints, Neitz alleges the following in her second amending complaint: Generally, Neitz alleges that McKinney had falsely disputed the changed beneficiary,[13] McKinney tortiously interfered with Neitz' right to the insurance

---

[9] Id., ¶ 5.

[10] Id.

[11] Id.

[12] Id., ¶¶ 10 and 11.

[13] Second supplemental and amending complaint, ¶ 7, R. #54.

4

proceeds,[14] and McKinney defamed Neitz to the Monroe Police Department.

Neitz alleges that McKinney and her son, Joseph, falsely and maliciously filed a criminal complaint of felony theft and forgery against her by submitting a false criminal complaint that was unfounded, malicious, defamatory, and slanderous.[15] Neitz alleges that McKinney engaged in a pattern of fraudulent misconduct to obtain a change in beneficiary.[16]

In her report and recommendation, Judge Hayes carefully considered Neitz' claims for delictual fraud and intentional and negligent misrepresentation. Judge Hayes recognized the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) and concluded that Neitz' complaints, as amended, failed to meet the pleading requirements with respect to fraud and/or a duty that McKinney owed to Neitz which could have been breached. Thus, Judge Hayes concluded that Neitz clearly failed to state a claim for either negligent or intentional misrepresentation. After reviewing and considering Neitz' second amending complaint, we find that the complaint continues to suffer those deficiencies recognized by Judge Hayes in her report and recommendation.

*Tortious contractual interference*

The second amending complaint asserts a tortious interference with contract claim against McKinney. McKinney, noting the Louisiana Supreme Court's limited nature of tortious interference with contractual rights, maintains that the complaint fails to establish a claim for which relief can be granted.[17] In 9 to 5 Fashions, the court defined and limited this cause of action, holding that only

---

[14] Id., ¶ 8.

[15] Id., ¶¶ 10 and 11.

[16] Id., ¶ 12.

[17] Citing 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989).

"an officer of a corporation owes an obligation to a third person having a contractual relationship with the corporation to refrain from acts intentionally causing the company to breach the contract or to make performance more burdensome..."[18] We agree and so hold that Neitz' claim for tortious contractual interference fails as a matter of law.

*Defamation*

In her second amended complaint, Neitz asserts a defamation claim against McKinney when McKinney filed a criminal complaint against Neitz with respect to the change of beneficiary form. Louisiana courts have routinely dismissed claims of defamation for reporting criminal activity finding that there is a "conditional privilege" that immunizes one from defamation claims whenever criminal activity has been reported to law enforcement personnel.[19] Furthermore, there are no allegations that McKinney's complaints were "arbitrary". Therefore, we conclude that Neitz' allegations of defamation fail to establish a claim for which relief can be granted.

*Fraud*

The second amending complaint alleges that McKinney committed fraud by engaging in a patter of fraudulent misconduct. We find this allegation woefully inadequate to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9 which requires that averments of fraud be stated with particularity. Specifically, the who, what, when, and where of the alleged fraud are noticeably absent.[20] Accordingly, we find that Neitz' allegations of fraud must also be dismissed.

---

[18] Id.

[19] Kennedy v. Sheriff of East Baton Rouge, 935 So.2d 669 (La.2006).

[20] Benchmark Electronics, Inc.v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003).

## CONCLUSION

For the reasons set forth above, the first and second amending cross-claims made against McKinney fail to state a claim upon which relief can be granted. Accordingly, all cross-claims asserted by Neitz against McKinney will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 5th day of December, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE